IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00275-MR-WCM

| | |
|---|---|
| KATHLEEN D. BROWN )<br>and RICHARD T. BROWN, )<br>)<br>               Plaintiffs, )<br>)<br>vs. )<br>)<br>JAMES DALLAS ADAMS )<br>and ONI TREE TRUCKING, INC., )<br>)<br>               Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Set Aside Default [Doc. 10] and the Defendants' Motion for Leave to File Answer [Doc. 14].

**I.     PROCEDURAL BACKGROUND**

On September 26, 2023, Plaintiffs Kathleen D. Brown and Richard T. Brown filed this action in this Court against Defendants James Dallas Adams and Oni Tree Trucking, Inc., alleging claims of negligence, negligence per se, and loss of consortium. [Doc. 1]. On October 9, 2023, Plaintiffs filed Affidavits of Service as to both Defendants; the Defendants' Answer was due on October 20, 2023. [Docs. 5-6].

On October 24, 2023, Plaintiffs filed a Motion for Entry of Default. [Doc. 7]. The Clerk of Court entered a Default against the Defendants on October 26, 2023. [Doc. 9]. Defendants' Counsel filed a Notice of Appearance on the same day. [Doc. 8].

On October 30, 2023, Defendants filed the present Motion to Set Aside Default on the grounds that their failure to file a timely Answer was based on a misunderstanding. [Doc. 10]. On November 9, 2023, Plaintiffs filed a Memorandum in Opposition to the Defendants' Motion. [Doc. 11]. On November 27, 2023, Defendants filed a Reply to the Plaintiffs' Response. [Doc. 13]. On November 28, 2023, Defendants filed the present Motion for Leave to File Answer. [Doc. 14]. The Plaintiffs did not file a Response, and the time to do so has passed.

Having been fully briefed, these matters are now ripe for disposition.

## II. DISCUSSION[1]

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of Court to enter default against a party who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). An entry of default may be set aside upon a showing of good cause by the defaulting party. Fed. R. Civ. P. 55(c).

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

The Court has broad discretion in deciding whether to set aside an entry of default. Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967). As a general rule, "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Additionally, the Court should consider "the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006). The Fourth Circuit has cautioned that "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

In the present case, there can be little doubt that the Defendants acted with reasonable diligence in moving to set aside the entry of default, as the motion for relief was filed two business days after the default was entered. [Docs. 9, 10]. Additionally, the Defendants have tendered a meritorious

defense of contributory negligence.[2]  "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim.  The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default."  Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).  The Defendants here have raised such a possibility.

Under North Carolina law, contributory negligence is defined as "negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant alleged in the complaint to produce the injury of which the plaintiff complains."  Jackson v. McBride, 270 N.C. 367, 372, 154 S.E.2d 468, 471 (1967).  Defendant Adams asserts in his affidavit that he was driving behind a construction vehicle when the Plaintiff "abruptly and without warning" merged into the lane in front of Adams; the construction vehicle slowed down, and "[b]ecause the Plaintiff was driving too fast and following the construction vehicle too closely, . . .

---

[2] In their Memorandum in Opposition, the Plaintiffs request "permission to conduct limited discovery to inquire into the purported meritorious defense upon which Defendants rely" and to conduct such discovery "prior to a ruling on the Defendants' motion before the Court at this time."  [Doc. 11 at 5-6].  Under the Local Rules of this Court, a party seeking early Court-enforceable discovery must file a motion for leave to take early discovery stating the reasons therefor.  LCvR 16.1(f).  Because no such motion has been filed, the Plaintiffs' request for early discovery is denied.

she slammed on her brakes," and Adam's vehicle ran into hers. [Doc. 10-2 at ¶¶ 10-13]. These facts suggest that the Plaintiff's own negligence in pulling her vehicle between two vehicles without leaving a sufficient stopping distance could have played a role in producing her injury. Accordingly, the Court finds that the Defendants have made a sufficient showing of a meritorious defense to justify setting aside the entry of default in this case.

Additional considerations also support granting the relief requested. For one, the Defendants are not personally responsible for the default. Both Defendants assert that they believed they had received the Plaintiffs' Complaint in error because they reasonably thought the matter was already resolved. [Doc. 10-2 at ¶¶ 22-25; Doc. 10-3 at ¶¶ 6-7]. Defendants' Counsel also concedes that he "received a litigation referral sheet, prepared by Defendants' insurance carrier," but failed to check the status of the matter, and therefore did not learn of the default until he made contact with Plaintiffs' Counsel. [Doc. 10-1 at 2]. The Court is mindful that "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987) (quoting Moradi, 673 F.2d at 728). Because the Defendants failed to take action in response to

the Complaint based on innocent misunderstanding and the oversight of their attorney, they cannot be said to be personally responsible for the default.

The Court also notes that there is no history of dilatory action on the part of the Defendants in this case. Further, the Defendants have already filed their proposed Answer, and the parties have not yet conducted their initial attorneys' conference or commenced with discovery. As such, the Court finds that the Plaintiffs would not be prejudiced if the entry of default against the Defendants were set aside at this time.

## ORDER

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Set Aside Entry of Default [Doc. 10] and the Defendants' Motion for Leave to File Answer [Doc. 14] are **GRANTED.** The Defendants shall file their Answer to the Complaint within five (5) days of the entry of this Order.

**IT IS FURTHER ORDERED** that, upon the filing of the Defendants' Answer to the Complaint, the parties shall conduct an Initial Attorneys' Conference within ten (10) days and file an appropriate certification thereof with the Court within five (5) days thereafter.

**IT IS SO ORDERED.**

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge